UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

RICHARD B. SOUTHMAYD,            )
                                 )
       Plaintiff,            )
                                 )
v.                               )    No. 3:04-CV-215
                                 )    (Phillips/Guyton)
APRIA HEALTHCARE INC.,           )
                                 )
       Defendant.            )

## MEMORANDUM AND ORDER

This matter came before the undersigned for a telephone conference on November 1, 2005. The parties contacted the undersigned pursuant to the discovery dispute resolution provision set forth in Paragraph 4(i) of the Court's Scheduling Order [Doc. 10]. Participating on behalf of the plaintiff was attorney Kevin Fox. Participating on behalf of the defendant was attorney Ellison McCoy.

The plaintiff requests permission to enter and inspect the defendant's premises. Specifically, the plaintiff seeks to videotape the interior and exterior of the defendant's offices in Knoxville, where the plaintiff was originally assigned, and in Harriman, where the plaintiff was reassigned when he was allegedly demoted. The plaintiff argues that the requested discovery is relevant to show that his transfer from the Knoxville location to the Harriman location was a demotion.

The defendant oppose the plaintiff's request, arguing that the condition of the premises at either location has no relevance to any claims or defenses in this action. The defendant

further argues that the Knoxville office where the plaintiff had been employed no longer exists, as the defendant's Knoxville office has been moved to another location. Finally, the defendant argues that allowing the plaintiff to enter and videotape its premises would be disruptive to its business and would violate the privacy of any patients who might be present during filming.

Any party may request to enter the premises of another party "for the purpose of inspection and measuring, surveying, photographing, testing, or sampling the property or any designated object or operation thereon, within the scope of Rule 26(b)." Fed. R. Civ. P. 34(a). Rule 26(b) provides that a party to a civil action "may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party" and that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b).

The Court finds that the conditions of the premises of the Knoxville and Harriman branches are arguably relevant to the plaintiff's claims. In order to prevail on his age discrimination claim, the plaintiff must show that he suffered an adverse employment action, that is, a "materially adverse change in the terms and conditions of [his] employment." Ford v. General Motors Corp., 305 F.3d 545, 553 (6th Cir. 2002) (quoting Hollins v. Atlantic Co., 188 F.3d 652, 662 (6th Cir. 1999)). The plaintiff may establish an adverse employment action by showing "a termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly material responsibilities, or other indices that might be unique to a particular situation." Id. It is conceivable that the disparity between the physical conditions of

2

the Knoxville and Harriman offices may be relevant to show a material change in the terms and conditions of the plaintiff's employment.[1]

For these reasons, the Court finds that the plaintiff's request to enter, inspect, and videotape the defendant's Knoxville and Harriman offices should be **GRANTED**. However, the Court finds that some limitations should be placed on the inspection. The Rules of Civil Procedure provide that a court may set conditions governing the entry onto property in order to protect the party from whom the inspection is requested from annoyance, embarrassment, oppression or undue burden or expense. See Fed. R. Civ. P. 26(c). Accordingly, the Court imposes the following conditions on the inspection:

> (1) The plaintiff shall be accompanied only by his counsel and a videographer;
>
> (2) The defendant's counsel and a representative of the defendant shall be permitted to attend the inspection;
>
> (3) The inspection shall occur outside of normal business hours, at a time and date mutually agreeable to the parties; and
>
> (4) The defendant shall be entitled to purchase a copy of the videotape.

**IT IS SO ORDERED.**

> **ENTER:**
>
>     s/ H. Bruce Guyton
> United States Magistrate Judge

---

[1] In so finding, however, the Court makes no ruling on the admissibility of such evidence at trial. The issue presently before the Court is not whether such evidence would be *admissible*, but rather whether it is *discoverable*.