UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

**RICHARD SOUTHMAYD,**       )
                             )
    **Plaintiff,**      )
                             )
**v.**                       )    No.  3:04-CV-215
                             )    (Phillips)
**APRIA HEALTHCARE, INC.,**  )
                             )
    **Defendant.**      )

## ORDER

A final pretrial conference was held in this case on February 3, 2006. Pending before the court is defendant's motion in limine [Doc. 63] and plaintiff's motion in limine [Doc. 65].

## I

Defendant has moved to exclude certain testimony at trial relating to plaintiff's transfer to the Harriman branch office. Defendant asserts that since plaintiff is not pursuing a claim for retaliatory transfer, he should be precluded from arguing that defendant's decision to transfer him to the Harriman branch constituted age discrimination or retaliation. Plaintiff acknowledges that he cannot make argument or present evidence that his transfer to the Harriman branch was unlawful. However, plaintiff avers that he can present evidence of his transfer and termination as background evidence pursuant to *Nat'l RR Passenger Corp. v. Morgan*, 122 S.Ct. 2061 (2002).

In *Morgan,* the Supreme Court held that even though discrete discriminatory acts are not actionable if time barred, the statute does not bar an employee from using the prior acts as background evidence in support of a timely claim. *Id.* at 2070. Accordingly, defendant's motion in limine to preclude evidence of plaintiff's transfer [Doc. 63] is **DENIED** at this time. However, plaintiff is cautioned that this evidence may be admitted for background purposes only, and defendant is given leave to renew its objection at trial should plaintiff argue that the transfer was discriminatory or otherwise unlawful.

Defendant has also moved to exclude any photographic or videotape evidence taken during plaintiff's inspection of defendant's facilities in Harriman and Knoxville. Defendant states that the evidence is not relevant to plaintiff's claim for failure to rehire. Plaintiff states that he desires to use this evidence for background purposes only, pursuant to *Morgan.*

The court does not feel compelled to make any blanket ruling precluding this evidence in advance of trial. Evidentiary rulings should be deferred until trial so questions of foundation, competency, relevancy and potential prejudice may be resolved in the proper context. *Middleby Corp. V. Hussman Corp.,* 1993 WL 151290 (N.D.Ill. 1993). Thus, defendant's motion to exclude the photographic and videotape evidence [Doc. 63] is **DENIED**, subject to the right of defendant to renew its objection at the time this evidence is offered at trial. The parties should take this matter up with the court out of the presence

of the jury and the court will rule upon the admissibility of the evidence at that time. *See* Rule 103(c), Federal Rules of Evidence.

## II

Plaintiff has moved to exclude any evidence involving the *division or region* in which plaintiff was employed versus the smaller area limited to the State of Tennessee. In support of the motion, plaintiff states that the magistrate judge limited the scope of discovery to the State of Tennessee, and defendant thus refused to produce discovery relating to the larger division or region in which defendant conducts business. Defendant responds that it does not intend to use any evidence that was not produced in discovery.

Again, the court does not feel compelled to make any blanket ruling precluding this evidence in advance of trial. Accordingly, plaintiff's motion to exclude any evidence relating the division or region in which plaintiff worked [Doc. 65] is **DENIED**, subject to the right of plaintiff to renew his objection at the time this evidence is offered at trial. The parties should take this matter up with the court out of the presence of the jury and the court will rule upon the admissibility of the evidence at that time

ENTER:

s/ Thomas W. Phillips
United States District Judge